# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| RLB Contracting, Inc. | ) ASBCA No. 57638 |
| | ) |
| Under Contract No. W912P8-07-C-0102 | ) |

APPEARANCES FOR THE APPELLANT:        Christopher B. Conley, Esq.
                                      Daniel J. Caruso, Esq.
                                      Herman C. Hoffmann, Jr., Esq.
                                        Simon, Peragine, Smith & Redfearn, L.L.P.
                                        New Orleans, LA

APPEARANCES FOR THE GOVERNMENT:       Thomas H. Gourlay, Jr., Esq.
                                        Engineer Chief Trial Attorney
                                      William G. Meiners, Esq.
                                        Engineer Trial Attorney
                                        U.S. Army Engineer District, New Orleans

## OPINION OF ADMINISTRATIVE JUDGE THRASHER
## ON APPELLANT'S MOTION FOR RECONSIDERATION

On 4 February 2014, appellant, RLB Contracting, Inc., timely filed a motion for reconsideration of our 3 January 2014 decision. *RLB Contracting, Inc.*, ASBCA No. 57638, 14-1 BCA ¶ 35,486. In that decision, the government conceded entitlement and our decision applied a jury verdict method to determine quantum, finding appellant was entitled to recover 65 percent of its total incurred embankment costs ($3,307,339.75 x 65% = $2,149,770.84) as a result of the government's actions. We then subtracted the amounts appellant had already been paid under the contract, $1,234,800, sustaining appellant's appeal in the amount of $914,970.84. *RLB Contracting*, 14-1 BCA ¶ 35,486 at 173,983. Appellant requests the Board reconsider its decision on the basis that there was an alleged error in the jury verdict calculation made by the Board and that the proper calculation of the amount due appellant is $1,347,170.80. Appellant has also requested a hearing on its motion.[1] The government opposes the motion.

We do not grant a reconsideration absent a compelling reason. *TMS Envirocon, Inc.*, ASBCA No. 57286, 13 BCA ¶ 35,204 at 172,717 (citing *Zulco International, Inc.*, ASBCA No. 55441, 08-1 BCA ¶ 33,799 at 167,319). In evaluating a motion for reconsideration, we examine whether the motion is based on newly discovered evidence,

---

[1] Appellant requests a hearing on its motion (app. mot. at 1). We consider appellant's request as a request for oral argument on the motion and deny the request.

mistakes in the findings of fact, or errors of law. *American AquaSource, Inc.*, ASBCA Nos. 56677, 57275, 13 BCA ¶ 35,365. A motion for reconsideration does not provide the moving party the opportunity to reargue its position. *Robinson Quality Constructors*, ASBCA No. 55784, 09-2 BCA ¶ 34,171 at 168,911.

*Basis for Appellant's Motion*

While appellant recognizes the Board possesses discretion under the jury verdict method to apportion costs on the basis of 65 percent attributable to the government and 35 percent attributable to appellant, appellant argues that the apportionment should be applied only to the costs being sought by appellant which were in excess of the firm fixed contract price paid by the government. Appellant argues that we should have removed the contract price paid by the government from appellant's total incurred costs prior to applying our jury verdict 65/35 apportionment of responsibility for cost. Appellant's suggested calculation is:

$3,307,339.75  total cost incurred as found by the Board
-1,234,800.00  amount RLB was paid
$2,072,539.75  gross excess cost
x        .65
$1,347,150.80  amount due RLB

(App. mot. at 2-3) The government responds that appellant's calculation would result in appellant not being held responsible for its 35 percent share of its costs in an amount equal to the contract price paid (gov't br. at 1).

## DECISION

Appellant's claim sought its total incurred embankment costs in excess of what it had already been paid ($1,234,800) in the nature of a total cost claim. We acknowledged this fact in our decision. However, it was unclear whether appellant was arguing the amount it had already been paid represented just that, what it had already been paid, or the contract price for the embankment work as bid (unchanged). We addressed both possibilities in our decision and rejected both. *RLB Contracting,* 14-1 BCA ¶ 35,486 at 173,982. Here, given the fact the contract was a firm fixed-price contract, appellant equates in its total cost claim the amount already paid under the contract with what it would be paid for the work as unchanged (app. mot. at 1-2). In our decision, we found that there was no accurate measure in the record of the cubic yards of dirt actually placed and therefore, no way to determine the actual cost of the work as unchanged. *RLB Contracting,* 14-1 BCA ¶ 35,486 at 173,982. Since it was impossible to know the value of the work as unchanged, rather than deny appellant any recovery, we applied a jury verdict calculation against the total incurred embankment costs finding appellant entitled to 65 percent of those costs, $2,149,770.84. Although unknown with specificity,

2

appellant's 65 percent recovery necessarily included its share of the cost of the work as unchanged under the contract. To hold otherwise would be to charge the government with 100 percent of the costs of the unchanged work, which would be contrary to our 65/35 apportionment of the total costs.

## CONCLUSION

We conclude appellant has not shown any compelling reason to modify our original decision as requested. Therefore, we deny appellant's motion.

Dated: 8 May 2014

JOHN J. THRASHER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

DIANA S. DICKINSON
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 57638, Appeal of RLB Contracting, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3